IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| CLAUDETTE TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 13-2641-JDT-dkv |
| | ) |
| MEMPHIS POLICE DEPARTMENT | ) |
| and OFFICER BOB PARKER, | ) |
| | ) |
| Defendants. | ) |

---

REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO DISMISS

---

On August 16, 2013, the plaintiff, Claudette Taylor ("Taylor"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Memphis Police Department ("MPD") and Officer Bob Parker ("Officer Parker"), (ECF No. 1), accompanied by a motion seeking leave to proceed in forma pauperis, (ECF No. 2). The case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) On August 21, 2013, the court granted leave to proceed in forma pauperis, (ECF No. 3), and ordered summons issued on the defendants, (ECF No. 5).

Now before the court is the July 16, 2014 motion filed by the MPD seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Def.'s Mem. for J. on

Pleadings, ECF No. 13-1.) The court finds that MPD's motion for judgment on the pleadings is premature. The Federal Rules of Civil Procedure provide that a party may move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). In the present case, the pleadings are not closed because the defendants have not filed answers. However, MPD's Rule 12(c) motion asserts that the "[c]omplaint fails to state a claim upon which relief can be granted," (Def.'s Mem. for J. on Pleadings 1, ECF No. 13-1), and since Rule 12(b)(6) and Rule 12(c) motions are generally treated the same, the court, it its discretion, construes MPD's Rule 12(c) motion as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 840-41 (N.D. Ohio 2009); *Collins v. Muskegon Cnty. Sheriff's Dep't*, 1:05-CV-666, 2007 WL 426586, at *5 (W.D. Mich. Feb. 1, 2007); *Signature Combs, Inc. v. United States*, 253 F. Supp. 2d 1028, 1030 (W.D. Tenn. 2003).

Taylor has not responded to MPD's motion within the time period for response. For the reasons that follow, the court recommends that MPD's motion be granted as to Taylor's claims against the MPD and Officer Parker in his official capacity, and that those claims be dismissed for failure to state a claim upon which relief can be granted.

I. PROPOSED FINDINGS OF FACT

Taylor's court-supplied complaint form is entitled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." (Compl., ECF No. 1.) The complaint names the MPD and Officer Parker as defendants. (*Id.* at 1-2.) In an attachment to the court-supplied complaint, Taylor describes the events that gave rise to this action.

According to the complaint, on August 17, 2012, Taylor was on her porch at 1538 Miller Street, Memphis, TN 38106, when she witnessed several police cars speeding down her street and "turning down Waldorf and Miller." (*Id.* at 4.) Taylor walked to the corner to see what was happening and witnessed the police officers in an altercation with gang members. (*Id.*) Taylor instructed her friend Tricia "to go check on [her son] because he was over his friend's house . . . on McMillian Street." (*Id.*) Taylor then saw Tricia being escorted back to Taylor's house by police officers, who had told her that there was a curfew in place. (*Id.*) According to Taylor, the officers walked to the front of her house, pulled out their flashlights, and began flashing them in her face. (*Id.*) Taylor told them the lights were too bright for her eyes, turned her back towards them, and started smoking a cigarette. (*Id.*)

The complaint alleges that Tricia told Taylor that she had just witnessed the officers slamming Shannon, a family friend, against the police car. (*Id.*) While Taylor and Tricia were

talking about Shannon's safety and the events transpiring that night, Officer Parker "interrupted and stated that the [MPD] could do whatever the hell they wanted to do." (*Id.*) Taylor and Tricia continued talking to each other and did not respond to Officer Parker, who then began to walk towards them in the driveway. (*Id.*) Taylor asked him not to proceed any further into her yard; nevertheless, Officer Parker continued to walk into the yard stating that he was "going to show that [he] can do whatever [he] want[s] to do." (*Id.*)

Taylor then summoned for her mother to come outside because she thought "the officer was going to place [her] under arrest for ignoring him and his fellow officers." (*Id.*) According to Taylor, Officer Parker came up her patio steps, reached for his handcuffs, and grabbed her arm. (*Id.*) Taylor alleges that she "stayed still while he was trying to handcuff [her]," nevertheless, Officer Parker asked his partner for help claiming that Taylor was resisting arrest. (*Id.*) The officers grabbed Taylor by both arms and threw her across the yard causing severe injury to her left leg. (*Id.*) Taylor alleges that the fall "had torn all the flesh off [her] leg to the bone and [she] couldn't feel [her] leg at all". (*Id.* at 5.) She held her leg up in the air and a police officer flashed his light on it so he could see it. (*Id.*) Then, five police officers jumped on her

neck and back while she was on the ground, pushing her face so far into the mud that she could not breathe. (*Id.*)

Upon hearing her scream, Taylor's eighty-three-year-old mother came out of the house and asked the police officers why they were arresting Taylor. After she took two steps towards Taylor, the police officers pushed her on the ground, injuring her neck, back, and hip. (*Id.*) The officers then dragged Taylor out of her yard, laid her on the sidewalk, and handcuffed her. (*Id.*) Taylor was transported to the hospital where the officers continued to threaten her while she was handcuffed to the hospital bed. (*Id.*)

Taylor requests that the officers involved in this case be fired from the MPD due to police brutality. (*Id.* at 6.) She further wishes "for police brutality to be addressed in Memphis so that this will never happen to anyone else again." (*Id.*) Taylor requests compensation for her injuries, her medical bills, and the emotional distress caused by Officer Parker and the other MPD police officers.

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Taylor's complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in

5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383

(internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  Taylor's Claim Against the Memphis Police Department

MPD assert that Taylor's claims against the MPD should be dismissed because it is not an entity that can be sued. (Def.'s

Mem. for J. on Pleadings 4, ECF No. 13-1.) The MPD then argues that the City of Memphis is not subject to § 1983 liability because Taylor has not identified a custom or policy of the city "that could lead one to believe that the City has deliberately ignored or facilitated a history of abuse and unconstitutional actions." (Def.'s Mem. for J. on Pleadings 7, ECF No. 13-1.)

"Tennessee federal courts have routinely held that police departments cannot be sued." *Moore v. Henderson Cnty. Sherriff's Dep't*, No. 13-1243, 2014 WL 1745017, at *13 (W.D. Tenn. Apr. 30, 2014); *see McKinney v. McNairy Cnty., Tenn.*, No. 1:12-CV-01101-JDB, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-CV-0946, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Since the MPD is not an entity which may be sued, the City of Memphis ("the City") is for all purposes the real party in interest. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(citations omitted).

Under § 1983, a plaintiff may only sue a municipality for its own misconduct and cannot bring suit under the theory of *respondeat superior*. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). The plaintiff must show that an "official policy or custom actually serves to deprive an individual of his or her constitutional rights," *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006), or that "such

actions emanate from informal governmental custom," *Alman v. Reed*, 703 F.3d 887, 902 (6th Cir. 2013). Further, the plaintiff must demonstrate that the municipal policy has a direct causal link to the alleged constitutional deprivation by (1) identifying the municipal policy or custom, (2) connecting the policy to the municipality, and (3) showing that his injury was caused by the execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). In sum, the municipal policy must be the "moving force" behind the alleged injury. *Id.* at 817.

In her complaint, Taylor merely alleges that the MPD is guilty of police brutality and does not allege that the MPD acted pursuant to a policy or custom of the City that serves to deprive an individual of her constitutional rights. Taylor details the events that took place on August 17, 2012, but she does not include any facts related to a municipal policy or custom beyond her own singular experience. Indeed, Taylor does not allege that the City has facilitated a history of police brutality and unconstitutional actions by the officers of the MPD. Thus, Taylor has failed to establish a cognizable claim under § 1983 against the City, and it is recommended that any claim under 42 U.S.C. § 1983 against the MPD be dismissed for failure to state a claim.

C.  Taylor's Claim Against Officer Parker

Taylor's complaint does not state whether she is suing Officer Parker in his official capacity or in his individual capacity. The complaint states the defendant's name as "Officer B. Parker," which indicates that Taylor intended to sue him in his official capacity. (Compl. 2, ECF No. 1.) Further, in her request for relief, Taylor states that she would like to be compensated for injuries "caused by Officer B. Parker and members of the Memphis Police Department . . . [and that she] would also like for police brutality to be addresses in Memphis so that this will never happen to anyone else again." (*Id.* at 6.) This further indicates that Taylor characterized Officer Parker's conduct in term of his official capacity as an MPD police officer.

A plaintiff seeking damages under 42 U.S.C. § 1983 has an affirmative duty to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). Where the plaintiff fails to indicate whether her intent was to file a suit against an officer in his individual, the Sixth Circuit presumes that the plaintiff intended to sue the officer in his official capacity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991); *Green v. Cook*, 83 F. App'x 99, 100 (6th Cir. 1989).

Thus, the court presumes that Taylor is suing Officer Parker in his official capacity.

If an officer is being sued in his official capacity, then the City of Memphis is for all purposes the real party in interest. *Matthews*, 35 F.3d at 1049 (citations omitted); *Sagan v. Sumner Cnty. Bd. of Educ.*, 726 F. Supp. 2d 868, 876 (M.D. Tenn. 2010). The court previously recommended dismissal of Taylor's claim against the City; therefore, the court dismisses Taylor's official capacity claim brought against Officer Parker.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that MPD's motion to dismiss be granted as to Taylor's § 1983 claims against the MPD and Officer Parker in his official capacity, and that those claims be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 12th day of September, 2013.

        s/ Diane K. Vescovo_____
        DIANE K. VESCOVO
        UNITED STATES MAGISTRATE JUDGE

NOTICE
Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ.

P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.